IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANTON WOOD ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of Social Security<br><br>Defendant. | CV 16-158-BLG-TJC<br><br>**ORDER** |

On March 29, 2018, this Court affirmed the decision of the Administrative Law Judge ("ALJ") in this matter. (Doc. 20.) Subsequently, a divided panel of the Ninth Circuit reversed and remanded for further proceedings. (Doc. 28.) Plaintiff now moves for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 32.) Plaintiff seeks attorney's fees in the amount of $19,000.00 and costs of $905.00. (*Id.*) Defendant opposes the request. (Doc. 34.)

Under the EAJA, a prevailing party is entitled to attorney's fees unless the government was "substantially justified" in its position. 28 U.S.C. § 2412(d)(1)(A). Defendant does not dispute that Plaintiff is the prevailing party. Rather, Defendant opposes Plaintiff's request for fees and costs on the basis that the government's position was substantially justified because there was a

1

disagreement among the Ninth Circuit panel regarding the merits of Plaintiff's appeal. Defendant further argues Plaintiff has made no showing to justify costs in this case. Alternatively, Defendant argues that even if the Court finds the Plaintiff should be awarded fees, the amount of fees sought are unreasonable. Plaintiff counters that the fact the panel was not unanimous does not provide a basis to find substantial justification because the panel disagreed as to the application of the law, not the facts.

For the reasons set forth herein, Plaintiff's motion is **GRANTED**.

## I.     LEGAL STANDARD

Generally, a presumption arises under the EAJA "that fees will be awarded to prevailing parties . . . ." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S. C. § 2412(d).

The government bears the burden of proving its position was substantially justified. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). Substantially justified means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 563 (1988). In other words, "to be

substantially justified, the government's position must have a reasonable basis both in law and in fact." *Trujillo v. Berryhill*, 700 Fed. Appx. 764, 765 (9th Cir. 2017) (quoting *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017).

In the social security context, "the position of the United States includes both the government's litigation position [in the civil action] and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). A holding that an "agency's decision was unsupported by substantial evidence is a strong indication that the position of the United States was not substantially justified." *Id.* at 872 (internal quotations and citations omitted). Indeed, "it will be only a 'decidedly unusual case in which there is a substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Al-Harbi v. INS*, 284 F.3d 1080, 1085 (9th Cir. 2002).

The Ninth Circuit, however, "has never stated that *every* time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees." *Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013) (emphasis in original). For example, a disagreement within the appellate panel may suggest that a finding of substantial justification is appropriate. *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 619 (9th Cir. 2005)

(recognizing that a split decision may be "an indicator of the reasonableness of the government's position"); *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1231 (9th Cir. 1990) (same).

The Ninth Circuit has indicated that the determination of substantial justification in such social security cases, turns on whether the panel was divided over a legal or factual question. In *O'Neal v. Astrue*, the court explained that where the government defends an ALJ's "basic and fundamental errors" or "failure to comply with laws or regulations," the defense lacks substantial justification. *O'Neal v. Astrue*, 466 Fed.Appx. 614, 615 (9th Cir. 2012). "On the other hand, where resolution of the case turns on the weight and evaluation of the evidence, . . . the Commissioner's defense of the ALJ's findings ordinarily is substantially justified." *Id.*

In *O'Neil*, the Ninth Circuit determined that where a divided panel had reversed an ALJ's decision based on a differing interpretation of the evidence, the district court did not abuse its discretion in finding the government's position was substantially justified. *O'Neal*, 466 Fed.Appx. at 615. *See also Putz v. Astrue*, 454 Fed.Appx. 632 (9th Cir. 2011) (affirming district court's determination that the government's position was substantially justified where a prior Ninth Circuit panel disagreed "on the ALJ's assessment of the evidence and not on whether he employed the correct decisional processes required by the Social Security

Administration's policies and regulations"); *Albertson v. Berryhill*, 723 Fed.Appx. 511 (9th Cir. 2018) (same).

In contrast, where courts have determined that the ALJ made a legal error, they generally find the government's position is not substantially justified. *See e.g. Cole v. Berryhill*, 2018 WL 5808800, *2 (D. Mont. Nov. 6, 2018) (holding the government's defense of the ALJ's decision was not substantially justified where the ALJ made a "fundamental legal error" by discounting the claimant's testimony without identifying the specific evidence in the record that supported her determination); *Sanchez v. Astrue*, 2012 WL 3257551, *3 (D. Az. Aug. 8, 2012) (holding that because the ALJ's error in failing to provide a sufficient explanation of why the claimant's impairments didn't meet a listing, "was legal in nature and did not turn on the weight and evaluation of the evidence" the government's position in defending the ALJ was not substantially justified).

## II.     DISCUSSION

### A.    Substantial Justification

Here, the Ninth Circuit panel divided over whether substantial evidence supported the ALJ's determination that Plaintiff's statements about his symptoms and limitations were not entirely credible. (Doc. 28.) The majority held the ALJ impermissibly discounted Plaintiff's testimony. (*Id.* at 2.) The majority found it was legally improper for the ALJ to discount Plaintiff's testimony for failing to

adhere to his medication regimen because Plaintiff suffers from a mental illness. (*Id.*) The majority also disagreed with the ALJ's interpretation of the facts concerning Plaintiff's spending habits, seizure activity, and violent impulses. (*Id.* at 3.) The dissent disagreed with the majority on all points. (*Id.* at 5-11.)

The first error cited by the majority was a legal error. The majority explained:

> If a claimant suffers from a mental illness, as Roberts does, a general failure to adhere to prescribed medical care is not an adequate ground for discounting the claimant's testimony. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996); *see also Garrison v. Colvin*, 759 F.3d 995, 1018 n.24 (9th Cir. 2014).

(*Id.* at 2.)

The dissent disagreed with the majority's conclusion, stating: "[t]o the extent the majority suggests that, as a matter of law, a failure to adhere to treatment is not a proper basis for discounting the credibility of a claimant who suffers from mental illness . . . there is not support for this view." (*Id.* at 8.) The dissent went on to discuss why the majority's reliance on *Nguyen* and *Garrison* was incorrect in his opinion. (*Id.* at 8-9.) This was clearly a disagreement as to the application of the law, and not the factual basis of the ALJ's credibility conclusion.

Although there was also a dispute among the panel regarding the ALJ's evaluation and interpretation of the evidence, at least one of the ALJ's errors was legal in nature. That is, the ALJ improperly relied upon factor that cannot be

6

considered in discounting a claimant's testimony where the claimant suffers from mental illness. The Court, therefore, finds that the government's position was not substantially justified.

**B.     Reasonableness of EAJA Award**

Plaintiff initially requested attorney's fees in the amount of $13,222.15 to James P. O'Brien and $9,282.84 to John E. Seidlitz, Jr. (Doc. 32 at 4.) Plaintiff's request was based on 112.35 hours at the applicable statutory maximum rates of $192.68 per hour for work performed in 2016, $196.79 per hour for work performed in 2017, $201.60 per hour for work performed in 2018, and $205.25 per hour for work performed after 2018. (*Id.*) Plaintiff's counsel subsequently stipulated to a reduced fee amount of $10,500.00 to James P. O'Brien and $8.500.00 to John E. Seidlitz, Jr. (*Id.*)

Defendant argues the fee request is unreasonable, even with the reduction proposed by Plaintiff's counsel.[1] Defendant asserts the claimed attorney hours are excessive. Defendant further argues any fee award should be reduced because Plaintiff achieved only limited success. Defendant notes Plaintiff "only obtained remand for further proceedings on a discrete issue." (Doc. 34 at 9.)

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. §

---

[1] Defendant also argues fees-for-fees should be denied. (Doc. 34 at 10-11.) It does not appear, however, that Plaintiff is seeking fees-for fees, and Defendant has not identified any fees-for-fees. Defendant's motion in this regard is therefore, denied.

2412(d)(2)(A).  In the Ninth Circuit, courts apply the principles set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) to determine what constitutes a reasonable fee award under the EAJA.  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).  The prevailing party bears the burden to prove the fee amount requested is reasonable, and must submit documentation in support of the fee request.  *Hensley*, 461 U.S. at 437; 28 U.S.C. § 2412(d)(1)(B).

Courts generally determine the amount of a reasonable fee by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  The Court may reduce a fee award if the applicant has provided inadequate documentation of the fees requested, or claims hours that are "excessive, redundant, or otherwise unnecessary."  *Id.* at 434.  The Court may also consider other factors to adjust the fee upwards or downwards, "including the important factor of the results obtained.'"  *Id.*

Where the prevailing party achieved only limited success, the court applies a two part test to determine whether a fee award should be reduced.  *Hensley*, 461 U.S. at 434.  First, the Court considers whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded."  *Id.*  "Claims are 'unrelated' if they are 'entirely distinct and separate' from the claims on which the plaintiff prevailed."  *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001).  Any hours spent on unrelated, unsuccessful claims should be excluded from the fee

award.  *Id.*  Second, the Court determines whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award."  *Hensley*, 461 U.S. at 434.  In making this assessment, "a district court 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.' []  'Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.' []  A plaintiff may obtain excellent results without receiving all the relief requested."  *Sorenson*, 239 F.3d at 1147 quoting *Hensley*, 461 U.S. at 435 (internal citations omitted).

      a.    <u>Rates</u>

The Court notes Defendant does not object to the claimed hourly rates.  The rates are consistent with the cap provided by statute.[2]  The Court, therefore, finds the hourly rates proposed by Plaintiff's counsel are reasonable under the EAJA.

/ / /

/ / /

---

[2] Pursuant to the EAJA, 28 U.S.C. § 2412 (d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the statutory maximum hourly rate, adjusted for increases in the cost of living for 2016 was $192.68, for 2017 was $196.79, for 2018 was $201.60, and for 2019 was $205.25.  *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

   b.  <u>Hours Expended</u>

"Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." *Patterson v. Apfel,* 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000.)  Here, the Administrative Record was in excess of 800 pages, Plaintiff filed a 37-page brief, Defendant a 24-page response, and Plaintiff an 18-page reply, in addition to the briefing filed before the Ninth Circuit.  Plaintiff raised four legal issues before this Court, comprised of subparts, and each factually unique.  Although the issues raised are common legal issues in social security cases, the analysis and resolution of the multiple subparts was fact intensive, as reflected in the Court's relatively lengthy Order of 38 pages.  (Doc. 20.)  The Court therefore finds the number of hours requested by counsel in reviewing the file and drafting and completing briefing before this Court and the Ninth Circuit is not unreasonable.

 A survey of several cases in which attorney fees were awarded in social security cases in this district also suggests the award requested by Plaintiff's counsel here is not excessive.  *See* Doc. 35 at 8-9 (collecting cases).  Moreover, counsel's voluntary reduction in their fee request of approximately 20% for Mr. O'Brien and 9% for Mr. Seidlitz, is sufficient to address any excessive, redundant or unnecessary hours.  *Hensley*, 461 U.S. at 434.

   c.  Extent of Plaintiff's Success

Here, all of the arguments Plaintiff asserted in this litigation related to a single claim for relief – his claim for disability benefits. *Trefcer v. Colvin,* 2013 WL 6623823, *5 (E.D. Cal. Dec. 16, 2013) ("Social Security appeals are akin to a single claim for relief based on one set of facts and involving related legal theories."). Plaintiff prevailed on that claim when the Ninth Circuit reversed the ALJ's decision and remanded for further proceedings.

The fact the Ninth Circuit was persuaded by only one of Plaintiff's arguments does not support a reduction in the attorney fee award. Generally, fee awards should not be reduced "simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435.

Nor does the Court find the fact the Ninth Circuit remanded for further proceedings, as opposed to an awarding benefits, justify reducing the fee award. Plaintiff was successful in getting his case remanded to the ALJ to determine whether he is disabled. He therefore obtained overall success in this litigation. *See e.g. Stevenson v. Astrue*, 2012 WL 5412704, *7 (N.D. Cal. Nov. 6, 2012) (declining to reduce a fee award in a social security case even though the court only remanded the action for further proceedings based upon only one of the arguments asserted by the plaintiff); *Williams v. Astrue*, 2012 WL 3527224, *4 (D. Or. June 26, 2012), report and recommendation adopted by, 2012 WL 3527207 (D.

Or. Aug. 15, 2012) (refusing to reduce fee award, and stating that where the plaintiff obtained reversal of the Commissioner's decision and a remand for further proceedings "she achieved the relief she sought, thereby obtaining an excellent result."); *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000) (noting that the "consequences of a remand for further proceedings are somewhat less substantial than those flowing from an outright denial of benefits" but further stating "the ultimate consequence of a remand for further proceedings could well *be* an award of benefits") (emphasis added).

### C. Costs

As the prevailing party, Plaintiff may recover costs under the EAJA. 28 U.S.C. § 2412(a). The recoverable costs are enumerated in 28 U.S.C. § 1920, and include "Fees of the clerk and marshal." 28 U.S.C. § 1920(1). Here, Plaintiff requests $905.00 in "fees of the clerk," which consists of the Civil Filing Fee ($400.00) and Notice of Appeal Fee ($505.00).

Defendant argues Plaintiff is seeking costs from the wrong court, without a bill of costs, and his request is untimely under Federal Rule of Appellate Procedure 39(d)(1). Defendant is incorrect.

Federal Rule of Appellate Procedure 39(d) refers to costs on appeal that are included on the mandate, and must be filed within 14 days after entry of judgment. Fed.R.App.P. 39(d). Whereas, Rule 39(e) governs the costs of the appeal that are

taxable in the district court, and does not include a time limitation. Fed.R.App.P. 39(e). The costs listed under Rule 39(e) are taxed by the district court because they are incurred at the district level. *See Sudouest Imp. Sales Corp. v. Union Carbide Corp.*, 102 F.R.D. 264, 264 (D. P.R. 1984) (explaining difference between costs under Rule 39(d) and 39(e)). The filing fee for the Notice of Appeal is specifically listed under Rule 39(e). Fed.R.App.P. 39(e)(4). Accordingly, Plaintiff properly seeks to recover his costs for "fees of the clerk" in this Court. *Sudouest*, 102 F.R.D. at 264 ("[T]o secure the costs mentioned in Rule 39(e), the prevailing party must make a separate application to the district court *after* the mandate has been received from the court of appeals.") (emphasis in original).

>Civil Local Rule 54.1(a) provides:
>
> Within 14 days after the entry of a judgment allowing costs, the prevailing party may serve and file an application for the taxation of costs. The application must be made on Form AO-133, Bill of Costs, available on the court's website.

L.R. 54.1(a)(1).

Here, Plaintiff did not file a bill of costs within 14 days of the judgment, or submit a bill of costs on Form AO-133. The defect, however, is not fatal to Plaintiff's request for costs. Local Rule 54.1 further specifies that "Failure to comply with any provision of this subsection (a) will be deemed a waiver of all costs *except clerk costs*." L.R. 54.1(a)(1) (emphasis added). Local Rule 54.1 further provides that "Clerk's costs may be inserted in the judgment without

13

application." L.R. 54.1(a)(5).  The Local Rules, therefore, contemplate that clerk costs do not necessarily require a bill of costs to be submitted within 14 days of the judgment.

Here, the only cost Plaintiff is seeking to recover is filing fees, i.e. "clerk costs."  It appears from a review of the docket that Plaintiff paid $400.00 in clerk's costs when he filed the Complaint (receipt number MT400010780) and $505.00 when he filed the Notice of Appeal (Doc. 22; Receipt Number MTX400012573).

Accordingly, the Court finds Plaintiff is entitled to recover costs in the amount of $905.00.

### III.   CONCLUSION

For the foregoing reasons, the Court finds Defendant has failed to meet its burden of showing the government's position was substantially justified under the EAJA.  Plaintiff is the prevailing party and is an individual whose net worth does not exceed $2,000,000.00.  28 U.S.C. § 2412(d)(2)(B).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Application for Award of EAJA Fees and Costs (Doc. 32) is **GRANTED**.

Defendant must promptly pay Plaintiff's counsel fees in the amount of $10,500.00 to James P. O'Brien and $8.500.00 to John E. Seidlitz, Jr., as well as costs of $905.00.

    This award is subject to offset to satisfy any preexisting debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010) and the Treasury Offset Program, 31 U.S.C. § 3716. If the government determines Plaintiff does not owe a federal debt, then the government shall cause the payment of the award to be made directly to Plaintiff's counsel.

**IT IS ORDERED**.

    DATED this 12th day of April, 2020.

                                                     _____
                                                   TIMOTHY J. CAVAN
                                                   United States Magistrate Judge